```
UNITED STATES DISTRICT COURT        :::
SOUTHERN DISTRICT OF NEW YORK       :::   11 Cr. 1032 (PAE)
                                    :::
UNITED STATES OF AMERICA,           :::   ORDER TO APPOINT
                                    :::   RUSSELL M. AOKI AND EMMA
        v.                          ::    GREENWOOD AS COORDINATING
                                    :::   DISCOVERY ATTORNEYS
                                    :::
LEONIDES SIERRA, ET AL.              :
                                    :::
                        Defendants.:::
                                     :
```



Russell M. Aoki and Emma M. Greenwood are hereby appointed as Coordinating Discovery Attorneys for the defendants. Their duties are defined within this Order along with the basis for their appointment.

The Government alleges a racketeering enterprise to distribute narcotics and to commit related acts of violence through an organization referred to as the "Bronx Trinitarious Gang" ("BTG") operating in and around New York City.

The Government has stated that it will provide a large amount of discovery primarily in electronic formats. The discovery includes investigative reports, surveillance audio and video, wiretap line sheets and various other formats of discovery. The number of defendants raises the risk of costly duplicative efforts to organize the discovery. Accordingly, the Coordinating Attorneys shall address discovery issues that will avoid potential duplicative costs if defense counsel were to employ support services or staff to

organize the discovery. Therefore, the Coordinating Attorneys shall assess the most effective and cost-efficient manner in which to organize the discovery, utilizing methods such as creation of a discovery index, that will benefit all defendants and avoid unnecessary trial delay. The Coordinating Attorneys shall seek input from defense counsel as to their assessment on general discovery issues.

The Coordinating Discovery Attorneys shall oversee any discovery issues that are common to all of the defendants. Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Attorneys.

The Government shall provide discovery to the Coordinating Attorneys. To avoid delay in providing any additional discovery to defense counsel, additional discovery shall be provided directly to the Coordinating Attorneys, who, in turn, shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Coordinating Attorneys to provide discovery in a timely manner and in a manner consistent with the policies of this Court.

Defense counsel may still require support services for the particular needs of their case, but prior to petitioning for any support staff funds, defense counsel must confer with the Coordinating Attorneys to determine whether such services are already being addressed or could be addressed in whole or in part.

The Coordinating Attorneys shall petition this Court, ex parte, for funds for staffing or outside services and shall monitor all vendor invoices. All petitions shall

include a basis for the requested funds and a determination that the costs of the services are reasonable. The Coordinating Attorneys shall also review all vendor invoices to assure that invoiced costs were for work agreed to be performed.

Dated: New York, New York
~~December~~, 201̶2̶
January 3

SO ORDERED

*Paul A. Engelmay*

Hon. Paul A. Engelmayer
U.S. District Court Judge

3