UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　　　　:
UNITED STATES　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　-v-　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
LEONIDES SIERRA et al.,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/12

S4 11 Cr. 1032 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On December 12, 2012, indictment S4 11 Cr. 1032 was unsealed. It contained charges against 14 existing defendants and 26 newly added defendants. Twenty-six defendants (six existing defendants and 20 newly added defendants) are charged with murder (the "Murder Defendants").

On December 18, 2012, in response to an order by the Court, the Government submitted a letter to the Court and counsel addressing various issues relating to case administration and scheduling. Pertinent here, the Government proposed that the first defendants to be tried be those not charged with murder (the "Non-Murder Defendants"). The Government further proposed that the Non-Murder Defendants be divided into two categories for trial, with the first (Group One) to be tried consisting of existing defendants and the second (Group Two) consisting of newly added defendants.

On December 19 and 20, 2012, the Court held status conferences, attended by counsel for the Government and all defendants arraigned to date. At each conference, the Court solicited the views of the Government and defense counsel as to various matters, including the orderly

1

schedule and progression of the case. The Court appreciated and was benefited by counsels' constructive and thoughtful suggestions.

Having considered the views of all parties, the Court has determined that the following organization and schedule appropriately balance the interests at hand:

1. **Bifurcation:** The case will henceforth be bifurcated into (1) a group consisting of the Non-Murder Defendants; and (2) a group consisting of the Murder Defendants. There will be separate schedules and conferences for each of these groups.

2. **Schedule for the Non-Murder Defendants:**

   - The next status conference for the Non-Murder Defendants will be held on February 26, 2013, at noon.

   - There will be two trials for Non-Murder Defendants. The first is scheduled to begin Monday, June 3, 2013. The defendants to be tried in that trial are those whom the Government has identified as Group One: Leonides Sierra, Richard Gonzalez, Edwin Ciriaco, Anibal Ramos, Alfred Laford, Noel Acosta-Disla, and Tomas Castillo. Each of these defendants was named in the December 2011 indictment in this case. The second trial is scheduled to begin on September 16, 2013. The defendants to be tried in that trial are those whom the Government has identified as Group Two: Jose Mejia, Argenis Guillen, Heriberto Martinez, Joan Vasquez, Andy Ciprian, and Albert Salce. Each of these defendants was first named in the superseding indictment unsealed on December 12, 2012.

   - For the Group One Non-Murder Defendants, *i.e.*, those scheduled for trial beginning June 3, 2013, the Court sets the following schedule for pre-trial

motions: Motions due March 8, 2013; oppositions due April 5, 2013; replies due April 15, 2013. The Court will hold evidentiary hearing(s) and argument, if warranted, after the submission of reply briefs.

- For the Group Two Non-Murder Defendants, the Court is not yet setting a motions schedule. The Court expects to set such a schedule at the February 26, 2013 conference, at which point counsel for the Group Two defendants will be able to provide informed input as to an appropriate motions schedule.

3. **Schedule for the Murder Defendants:**

    - The next status conferences for the Murder Defendants will be held on March 13, 2013, at 10 a.m. and 11:30 a.m.

    - The Court's present view is that it is premature to set a trial date for the Murder Defendants at this point. Among other reasons, the Court has been advised that the process of considering capital charges is or will shortly be underway for a significant number of these defendants. With the timetable and outcome of that process uncertain, a trial date cannot reliably be set. The Court understands and in scheduling will be mindful of the view, expressed by several defense counsel, that a trial should be scheduled as soon as practicable after the capital review process has concluded, taking into account the need for pretrial motions to be made, briefed and resolved, and for counsel to prepare for trial.

4. *Curcio* **Hearings:** The Court will hold *Curcio* hearings in early to mid-January 2013 for the following defendants: Felix Lopez-Cabrera, Carlos Urena, Carlos Lopez, Luis Beltran, and Miguel Strong. The Court has directed the Government to submit a

3

letter to the Court and defense counsel, in advance of these hearings, setting out the proposed *Curcio* colloquy and, briefly, the relevant legal authority. The Court asks counsel for the Government to assist in scheduling these hearings, in consultation with the Court's deputy, June Hummel. The Court's preference is, to the extent possible, to hold these hearings back to back, rather than dispersed over a period of days.

5. **Exclusion of Time:** At the December 19 and 20, 2012 conferences, the Court excluded time, for purposes of Speedy Trial Act calculations, for all defendants through and including February 28, 2013. For the same reasons articulated at those conferences, the Court extends the exclusion of time with respect to the Murder Defendants through and including March 13, 2013. The Court finds, pursuant to 18 U.S.C. § 3161(h)(7), that the interests of justice overwhelmingly outweigh the interest of the public and the defendants in a speedy trial. Reasons for the exclusion include the ongoing capital review process affecting many defendants, which is of paramount importance to those defendants and will require substantial attention from defense counsel, and whose outcome is certain to bear upon the timing and configuration of trials for the Murder Defendants; the need for the voluminous discovery in this case to be reviewed by counsel for the new defendants, and for newly furnished discovery to be reviewed by counsel for the existing defendants; the need for counsel for each defendant to determine the best interests of his or her client, and appropriate strategy, in light of the newly returned indictment; and the interest of the broadened defense group in organizing itself to plan defense strategy.

6. **Participation in Group One Non-Murder Defendants' Pretrial Motions:** At the December 19 and 20, 2012 conferences, counsel for several defendants who are not Group One Non-Murder Defendants expressed the concern that decisions by the Court on motions made by Group One Non-Murder Defendants could be detrimental to their clients. In particular, such counsel identified the legality of one or more Title III interception orders as an issue potentially affecting many defendants. Counsels' concern was that, if the Court upheld these Title III orders on a motion made by Group One Non-Murder Defendants, other defense counsel who sought during a later motions schedule to challenge those orders as unlawful would face an uphill battle persuading the Court that its original ruling on the same point was error. At the conferences, the Court assured counsel that it would not hesitate to acknowledge an earlier error if error were shown, and that counsel for later groups of defendants retained the right to bring motions previously denied by the Court. However, the Court understands counsel's concern.

The Court's judgment is that the following approach fairly balances the interests of (1) setting a prompt trial and motions schedule for the Group One Non-Murder Defendants, (2) giving all other defendants an opportunity to participate in litigation on motions brought by the Group One Non-Murder Defendants that may affect, or be thought to affect, the interests of these other defendants; but (3) without compelling such defendants to do so, given that the schedule set for the Group One Non-Murder Defendants' motion practice may be ambitious for some newly added defendants:

5

- Group Two Non-Murder Defendants or Murder Defendants are not required to participate in the motions schedule set for Group One Non-Murder Defendants, under which the opening brief for a Group One Non-Murder Defendant is due March 8, 2013. A defendant who does not participate in that motions schedule is not bound by its outcome. Such a defendant is at liberty, at the time when motions for that defendant's case are due, to make a motion claiming the same error and directed at the same outcome.

- Counsel for Group Two Non-Murder Defendants or Murder Defendants are also at liberty, and encouraged, to confer with and advise counsel for Group One Non-Murder Defendants as to motions to be submitted March 8, 2013. Such collaboration is likely to enhance the quality of the submissions that the Court will receive on March 8, 2013, and ensure that the Court's ruling on those motions is correct. Counsel's collaboration with counsel for a Group One Non-Murder Defendant does not, of course, deprive that counsel's client of the right to make a similar motion at the time set for motions in his or her case.

- A Group Two Non-Murder Defendant or Murder Defendant is also at liberty to participate in the motions process on the schedule set for Group One Non-Murder Defendants, *e.g.*, by submitting a brief on March 8, 2013, in support of a motion made by a Group One Non-Murder Defendant. A counsel who concludes that his or her client's interest is best served by advocating to the Court with respect to a motion the first time it is made in this case may wish to avail himself or herself of this option. However, a defendant who appears

before the Court on a particular motion (*e.g.*, by submitting a brief on March 8, 2013) will not be permitted to submit a motion on the same grounds later on in the case, absent a showing of good cause and obtaining the Court's prior approval for such a successive motion. In other words, each defendant may participate in only one round of briefing as to a particular motion. A decision by a Group Two Non-Murder Defendant or a Murder Defendant to file a motion on a particular point on March 8, 2013 does not, however, bar him or her from filing motions as to other subjects on the schedule applicable to that defendant.

SO ORDERED.

                                                                                  Paul A. Engelmayer
                                                                                  United States District Judge

Dated: December 21, 2012
       New York, New York