UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES                                                     :
                                                                  :
               -v-                                                :
                                                                  :
LEONIDES SIERRA et al.,                                           :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/13

11 Cr. 1032 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

At a conference held on October 5, 2012, Gregory Cooper, Esq., counsel for defendant

Carlos Urena, requested that he be allowed to provide his client, in written form, with

information extracted from the Government's preliminary enterprise letters, and that the

protective order then in place in this case be modified to permit him to do so.  In a letter dated

October 10, 2012, the Government opposed that request, citing security and flight-risk concerns.

On October 11, 2012, the Court issued an Order directing the Government to submit an *ex parte*

letter elaborating on its concerns.  On October 18, 2012, the Government submitted such an *ex*

*parte* letter (the "October 18 Letter").  On October 23, 2012, the Court denied Mr. Cooper's

request, without prejudice to his right to renew the application after the return of the superseding

indictment, due by December 14, 2012.  On December 14, following the return of the

superseding indictment, the Court rescinded the protective order with the consent of the

Government.  The effect of the rescission of the protective order was to permit defense counsel

to share the preliminary enterprise letters in their entirety with their clients, thereby effectively

granting Mr. Cooper's October 5, 2012 request.

Mr. Cooper now requests that the Court direct the Government to provide defendants

with a copy of the October 18 Letter.  In an *ex parte* letter to the Court, dated January 14, 2013,

which the Court requested during the December 20, 2012 conference in this case, the

Government takes the position that although portions of the October 18 Letter relating to issues

of security should not be disclosed to the defense, much of the October 18 Letter can properly be

disclosed.  The Court agrees.  The Court has determined that the October 18 Letter, with certain

redactions necessary to respect the Government's legitimate concerns, may now be furnished to

the defense.  The October 18 Letter, as redacted, is attached to this Order.


SO ORDERED.


Paul A. Engelmayer
United States District Judge


Dated: January 16, 2013
      New York, New York



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2012

**BY EMAIL**
***EX PARTE* COMMUNICATION - REQUEST TO BE FILED UNDER SEAL**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    *United States* v. *Leonides Sierra et al.,*
              **S1 11 Cr. 1032 (PAE)**

Dear Judge Engelmayer:

As the Court directed by Order dated October 11, 2012, the Government respectfully writes *ex parte* to explain why providing the defendants, at this time, with written recitations of contents of the Government's enterprise letters (the "Enterprise Letters") would seriously endanger witnesses and cause presently unindicted coconspirators to flee. For the reasons that follow, and those set forth in the Government's letter dated October 10, 2012, the proposal of Gregory Cooper, Esq. should be denied.[1]

As the Court is aware, by submitting the Enterprise Letters, the Government provided notice to the defense, in advance of seeking a superseding indictment, about acts of violence that are likely to be charged therein.[2] As detailed explicitly in the Enterprise Letters, virtually all of these incidents involve presently unindicted coconspirators. As such, the Enterprise Letters essentially constitute a preview of the superseding indictment. That is why the Government, in the past, has not provided such letters until much closer to trial - particularly in large-scale

---

[1] By letter to the Court of today (the "October 18 Letter"), Mr. Cooper clarified his proposal. In particular, Mr. Cooper proposes to provide his client, Carlos Urena, with copies of the Enterprise Letters - including the introductory paragraphs - but redact reference to incidents not involving Mr. Urena. Mr. Cooper acknowledges that the proposal would require a "modification," or amendment, of the Protective Order. (October 18 Letter at 1.)

[2] Indeed, where directed by the Court, the Government has already produced Rule 16 discovery concerning these acts of violence.

Hon. Paul A. Engelmayer
October 18, 2012
Page 2 of 4

violent gang cases, where the Government is especially concerned about retribution against cooperating witnesses and their families, as well as the flight of unindicted coconspirators. Here, for instance, there are approximately 25 unindicted coconspirators who participated in incidents listed in the Enterprise Letters, most of whom participated in one or more murders under investigation that likely will be charged in the superseding indictment.

The Government has already been forced to arrest one such coconspirator prematurely (the "Coconspirator")  Such premature arrests distract from, and can compromise, the ongoing investigation.

That was not the only time cooperating witnesses and their families have received threats as a result of this investigation. Cooperating witnesses frequently advise the Government of threats against them or their families,

---

[3] Flight to the Dominican Republic is of particular concern under the circumstances of this case. In addition to the Government's overall concern about coconspirators' evading prosecution, locating fugitives and undertaking the extradition process may be extremely difficult and delay proceedings in this case.

Hon. Paul A. Engelmayer
October 18, 2012
Page 3 of 4

████████████████████████████████████████████████████ Similarly, as reflected in the Enterprise Letters, at the Courthouse prior to the initial pretrial conference in this case, the defendant Leonides Sierra - the national leader of the Trinitarios Gang - issued a "green light" against an individual suspected of cooperating with the Government. As the Enterprise Letters explain, a "green light" is an order to hurt or kill a fellow member of the Gang.

Under the circumstances, the Government is extremely concerned about the flight of unindicted coconspirators - nearly all of whom, as set forth above, will be charged with one or more murders in a superseding indictment - and the safety of witnesses. Those concerns prompted the Government to seek a protective order in connection with the Enterprise Letters (the "Protective Order"), and to request that the Protective Order preclude the defendants from obtaining copies of the Enterprise Letters.

Although Mr. Cooper proposes to limit such disclosure to those incidents in which his particular client is involved, that does not materially mitigate the risk posed. Many of the defendants, such as Mr. Urena, are involved in numerous acts of violence listed in the Enterprise Letters. If counsel's request is granted, by way of example, Mr. Urena would obtain the portion of the Enterprise Letters pertaining to 12 of the 51 acts of violence alleged therein, not to mention the introductory paragraphs.[4] Providing the defendants with such documentation would make it much easier for the defendants to alert unindicted coconspirators that they are under investigation with respect to particular acts of violence. In fact, there are copy machines at the prisons, and the defendants would be able to duplicate and distribute copies of the Enterprise Letters within the prisons and to their coconspirators outside through the mail and visits. Thus, if all defense counsel availed themselves of the relief Mr. Cooper seeks, the Protective Order would be vitiated.

At the same time, as set forth in greater detail in the Government's letter dated October 10, 2012, the essential objective of the Enterprise Letters - to provide early notice to the defendants about particular acts of violence that may be proven at trial and enable counsel to prepare - has already been met by provision of the Enterprise Letters as anticipated in the Protective Order. Likewise, the superseding indictment, which is expected in less than two months, will provide an additional, significant means of disclosure.

---

[4] Although the Court did not require the Government to provide background concerning the Trinitarios Gang in the Enterprise Letters, the Government did so in introductory paragraphs. The Government provided this information in the spirit of early and broad disclosure.

Hon. Paul A. Engelmayer
October 18, 2012
Page 4 of 4

       For the foregoing reasons, the Court should deny defense counsel's request to provide redacted copies of the Enterprise Letters to the defendants.

                      Respectfully submitted,

                      PREET BHARARA
                      United States Attorney

By:            /s/
                      Nola B. Heller
                      Jessica Ortiz
                      Rachel Maimin
                      Sarah Krissoff
                      Assistant United States Attorneys
                      Tel.: (212) 637-2200